IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE
    PATRICK HOGAN    )
    TONI HOGAN    )
    DEBTORS    )  2011-B-21933
    )  Hon. John Squires
    )  Chapter 13 (Wheaton)

PATRICK HOGAN    )
TONI HOGAN    )
PLAINTIFF,    )
    )
V.    )
    )
JPMORGAN CHASE BANK, N.A.,    )
DEFENDANT.    )

COMPLAINT OF THE DEBTOR PURSUANT TO 11 U.S.C. SECTION 506(a)
And BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF SECURITY
And CREDITOR'S ALLOWED SECURED CLAIM

Jurisdiction and Venue

1. The Plaintiff alleges that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title II of the United States Code and other applicable law.

2. The Plaintiff further alleges that this Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2)(K) of Title 28 of the United States Code.

3. Venue is proper in this court pursuant to 11 U.S.C. §1409, as the underlying bankruptcy case was filed in this District and the subject real estate is in Dupage County, Illinois.

The Parties

4. The underlying Chapter 13 bankruptcy case was commenced by the filing of a voluntary petition by Patrick Hogan and Toni Hogan, plaintiffs on May 24, 2011.

5. As of the filing of the petition for relief on May 24, 2011, the debtors were the 100% fee simple owner of real property known as 15W232 Lexington, Elmhurst Illinois, a single family residence.

6. The Defendant JPMorgan Chase N.A. is, upon information and belief, an entity engaged in the business of consumer credit lending in the State of Illinois, and which maintains a principal place of business in some state other than the State of Illinois.

Factual Allegations

7. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a debt was listed in favor of JP for the second mortgage on the residential real estate of the debtor.

8. The debtor set forth in his schedules that there was no equity in his residential real estate to which the second mortgage could attach and be secured by at the time of filing and, therefore, provided for the claim to be paid as an unsecured claim under the terms of the confirmed plan.

9. The Plaintiff set forth in his schedules A, and D, and at the present time the value of his interest in the said residential real estate was and is approximately $375,000. See Attached Exhibit A, Appraisal.

10. The Plaintiff's interest in the real estate is subject to a first lien arising out of a mortgage in favor of Citimortgage, AS ASSIGNEE OF Chicago Bancorp, in the amount of

      approximately $626,000.00.

11.    The amount owed on the first mortgage, $626,000 exceeds the value of the underlying property, $375,000.00.

12.    The Plaintiff's interest in their residential real estate is subject to a second mortgage arising out of a mortgage in favor of  in the amount of $73,836.00.

13.    The mortgage lien securing the second mortgage of JPMorgan Chase Bank, N.A. is junior to the first mortgage listed above as owing to Citimortgage, to wit:

    a.    Citimortgage's mortgage (copy attached as exhibit B) was recorded on August 29, 2007, as document R2007-159961 with the Dupage County Recorder of Deeds.

    b.    JP's mortgage (copy attached as exhibit C) was recorded on September 12, 2007, as document R2007-169068 with the Dupage County Recorder of Deeds.

    c.    Upon information and belief, Citimortgage is the current holder of the note and mortgage attached as exhibit B; the original lender was Chicago Bancorp.

14.    The Plaintiff alleges that there is no equity in his home at the time of filing and therefore the Defendant has no secured interest for the loan secured by the second mortgage on the subject real estate.

15.    15. Pursuant to 11 U.S.C. Section 506(a), the Defendant has no allowable secured claim regarding the claim for the second mortgage loan on the subject real estate.

16.    Any timely filed claim of the Defendant for the second mortgage loan is allowable only as an unsecured claim and to the extent that no such claim was filed the Defendant has no claim against the estate.

17.    Because the junior mortgage lien held by the Defendant is wholly unsecured, it should not

be allowed as a secured claim and the mortgage lien may be stripped off. In Re Mann, 249 B.R. 831, 840 (1" Cir. BAP 2000); In Re Pond, 2001 U.S. App. Lexis 11287 (2nd Cir. 2001); In Re McDonald, 205 F.2d 606 (3'd Cir. 2000); Bartee vs. Tara Colony Homeowners Assoc, 212 F.3d 277 (5th Cir. 2000); In Re Lam, 211 B.R. 36 (9th Cir BAP 1357) ; In Re Tanner, 217 F. 3d 1357 (11th Cir.).  In Re Waters 276 B.R. 879 (Bankr. ND Ill. 2002)

18. WHEREFORE, the Plaintiff respectfully prays of the Court as follows:

A. That this Court determine that the Defendant has no secured interest for the loan secured by the second mortgage on the residential real estate of the Debtor;

B. That this Court order the Defendant to cancel the second mortgage lien on the residential real estate of the debtor pursuant to 11 U.S.C. Section 506(d), immediately upon the entry of the Discharge Order and deliver the same to the attorney for the debtor within 20 days from the date of the entry of the said order at no charge or fee for the aforesaid cancellation and delivery;

 C. That this Court direct the Trustee that any timely filed proof of claim of the Defendant for the second mortgage lien be treated as an unsecured claim under the plan;

D.  That the Plaintiff have such other and further relief as to the Court may seem just and proper.

                                                PATRICK HOGAN
                                                TONI HOGAN

                                                BY: /s/ Richard L. Hirsh

Richard L. Hirsh
Richard L. Hirsh, P.C.
1500 Eisenhower Lane, #800
Lisle, IL 60532
630 434-2600
Atty. #1225936